**GREENBERG TRAURIG, LLP**
George M. Belfield (SBN 100272) (belfieldg@gtlaw.com)
Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
Jeffrey F. Yee (SBN 193123) (yeej@gtlaw.com)
Kamran Salour (SBN 247983) (salourk@gtlaw.com)
2450 Colorado Avenue, Suite 400 East
Santa Monica, California  90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiffs and Counterdefendants
Silverlit Toys Manufactory Ltd., Spin Master Ltd., and Steven Davis

[Defendants' Counsel on next page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation, and STEVEN DAVIS, an individual,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>TOYRRIFIC, LLC, a California limited liability company; WORLD TRADING 23, INC., a California corporation; WORLDTRADING23.COM ; TOY RAPTOR, INC., a California corporation; WORLD TECH TOYS, INC., a California corporation; HOBBYTRON.COM ; RC HELI KING, form unknown; RCHELIKING.COM; and KEVORK KOUYOUMJIAN, an individual,<br>　　　　　　Defendants.<br>AND RELATED COUNTERCLAIMS | CASE NO.  CV10-3414 CAS (JCx)<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>Judge:　　　Hon. Jacqueline Chooljian<br>Place:　　　Courtroom 20<br><br>**Discovery Cutoff:** July 29, 2011<br>**Pretrial Conference:** January 9, 2012<br>**Trial:** January 24, 2012 |

JOINT STIPULATED PROTECTIVE ORDER

**BUEHLER & KASSABIAN, LLP**
George W. Buehler (SBN 60701) (gbuehler@buehlerkassabian.com)
Mark M. Kassabian (SBN 156595) (mkassabian@buehlerkassabian.com)
350 West Colorado Boulevard, Suite 200
Pasadena, California 91105
Telephone: (626) 792-0500
Facsimile: (626) 792-0505

**BROWN, WEGNER & BERLINER LLP**
William J. Brown, Jr. (SBN 192950) (bill@bwb-lawyers.com)
Matthew K. Wegner (SBN 223062) (mwegner@bwb-lawyers.com)
2603 Main Street, Suite 1050
Irvine, California 92614
Telephone: (949) 705-0080
Facsimile: (949) 794-4099

Attorneys for Defendants and Counterclaimants
Toyrriffic, LLC, World Trading 23, Inc., Toy Raptor, Inc.,
World Tech Toys, Inc., and Kevork Kouyoumjian

LA 129,430,129v2 4-6-11

# JOINT STIPULATED PROTECTIVE ORDER

### 1.    Purposes And Limitations

**1.1  Good Cause Exists:**  The parties recognize that disclosure and discovery activity during the course of this action may require each party, and possibly third-parties, to produce or otherwise reveal highly sensitive, confidential, proprietary, or private information, including the disclosure of trade secrets[1] and other confidential research, development, commercial, or financial information that is purposely protected from disclosure to the public.  The parties represent that the party producing such information and/or the party such information pertains to would suffer irreparable injury if the information identified above were made available to the public.  The parties represent that the Producing Party's[2] interest in restricting the disclosure and use of the information identified above outweighs the interest of the public in having access to such information.  Thus, the parties believe that good cause exists for entry of this Joint Stipulated Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect against improper disclosure or use of confidential information produced or disclosed in this action.

**1.2  Stipulation:**  The parties, through counsel, hereby stipulate to and petition the Court to enter the following Protective Order.  The parties acknowledge that this Protective Order shall govern the handling of documents, tangible objects, materials or things, deposition testimony, deposition exhibits, and all other written records, electronic data, or graphic matters produced after the date of this Protective Order, whether produced pursuant to any applicable rules, written discovery requests or subpoenas, and/or used during the trial or any proceeding in this action to the extent authorized by

---

[1] Trade secrets means "information, including a formula, pattern, compilation, program, device, method, technique, or process that (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1.

[2] "Producing Party" is defined in Section 2.6.

the court presiding over such trial or such other proceeding in this action.  The parties acknowledge that the applicability of this Protective Order may be eliminated entirely or changed by the Court with respect to the handling and presentation of evidence at trial in this matter.  This Protective Order, however, does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2. Definitions

**2.1.   Party**:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts and Outside Counsel (and their support staff).

**2.2.   Disclosure or Discovery Material**:  All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, answers to interrogatories, responses to requests for admission, depositions, expert reports, briefs, memoranda, writings filed with or otherwise supplied to the Court, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this action.

**2.3.   "Confidential" Material**:  Information that has not been made public and that concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to cause injury to the Designating Party[3] or to the party to whom the information is confidential.

**2.4.   "Highly Confidential-Outside Counsel Only" Material**:  Extremely sensitive "Confidential" Material, the disclosure of which to another Party or non-Party would create a substantial risk of serious injury to the party to whom the information is confidential that could not be avoided by less restrictive means.

---

[3] "Designating Party" is defined in Section 2.7.

JOINT STIPULATED PROTECTIVE ORDER

**2.5.   Receiving Party**:  A Party or non-Party that receives Disclosure or Discovery Material.

**2.6.   Producing Party**:  A Party or non-Party that discloses or produces Disclosure or Discovery Material in this action.

**2.7.   Designating Party**:  A Party or non-Party that designates Disclosure or Discovery Material as "Confidential" or "Highly Confidential-Outside Counsel Only." Third Parties producing Disclosure or Discovery Material pursuant to a subpoena shall have all rights granted to Designating Parties.

**2.8.   Challenging Party**:  A Party or non-Party that challenges the designation of information or items produced by the Designating Party or the disclosure of Protected Material to a Technical Expert.

**2.9.   Protected Material**:  Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential-Outside Counsel Only."

**2.10.  Confidentiality Designations**:  "Confidential" or "Highly Confidential-Outside Counsel Only."

**2.11.  Outside Counsel**:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

**2.12.  House Counsel**:  Attorneys who are employees of a Party.

**2.13.  Counsel (without qualifier)**:  Outside Counsel and House Counsel.

**2.14.  Expert**:  A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

**2.15.  Technical Expert**: A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action who may opine about claim construction, the infringement/non-infringement, and/or the validity/invalidity of the patents-in-suit and who is not a past or current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

4

LA 129,430,129v2 4-6-11

**2.16.    Professional Vendors**:  Persons or entities that provide litigation support services (*e.g.* photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.17.    Final Disposition**:  For purposes of this Protective Order, final disposition occurs after a judgment, settlement agreement, an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals, or a dismissal without prejudice in which a new pleading alleging substantially the same claims is not re-filed within ninety (90) calendar days.

**3.    Scope**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel in Court or in other settings in which Protected Material is revealed, except as delineated in Paragraph 10.4, and, with respect to matters presented in or to the Court, except as may be determined by the Court presiding over the matter/hearing in issue.

**4.    Duration**

Even after Final Disposition of this action as set for in Section 2.17 (above), the confidentiality obligations imposed by this Protective Order shall remain in effect with respect to all Protected Material until the Designating Party agrees otherwise in writing or a Court otherwise directs.

**5.    Designating Protected Material**

**5.1.01.  Who May Designate**:  Any Producing Party may designate any document, material, or information as "Confidential" or "Highly Confidential-Outside Counsel Only."  In designating information and Materials as "Confidential" or "Highly Confidential-Outside Counsel Only," Counsel for a Producing Party will make such

5

LA 129,430,129v2 4-6-11

designation only as to that information that he or she in good faith believes to be "Confidential" or "Highly Confidential-Outside Counsel Only" as defined in Section 2.3. or 2.4. of this Protective Order.  Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

**5.1.02** If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2.    Designation Requirements**:  Designation in conformity with this Protective Order requires:

**5.2.01    Document**:  In the case of a document, that the Producing Party affix the legend "Confidential" or "Highly Confidential-Outside Counsel Only" on the top or bottom of each page that contains Protected Material.  If the document is a bound volume, the Producing Party need affix the appropriate legend ("Confidential" or "Highly Confidential-Outside Counsel Only") only at the top or bottom of the first page of such bound volume.

**5.2.02    Examination**:  As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of those documents opposing counsel desires copies, those documents shall be treated as "Highly Confidential-Outside Counsel Only" pursuant to this Protective Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Protective Order based upon the designation, if any, marked upon the documents by the Producing Party.

**5.2.03    Testimony**:  Testimony given in pretrial proceedings, shall be subject to this Protective Order provided the Party or non-Party offering or sponsoring the testimony identify on the record, before the close of the hearing or other proceedings, any

6

*LA 129,430,129v2 4-6-11*

portions of the testimony that qualify as "Confidential" or "Highly Confidential-Outside Counsel Only,"  and provided that the Court presiding over any such proceeding (other than depositions) so authorizes.  During such time as any information or documents designated "Confidential" or "Highly Confidential-Outside Counsel Only" are disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Protective Order.  Unless Outside Counsel for all parties agree otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "Highly Confidential-Outside Counsel Only" for a period of time not to exceed ten (10) calendar days after the party receives a copy of the deposition transcript, during which time the party may designate, in writing, specific portions of the transcript "Confidential" or "Highly Confidential-Outside Counsel Only" as appropriate.  If the party fails to designate in writing any portions of the transcript as "Confidential" or "Highly Confidential-Outside Counsel Only" within the ten (10) calendar day period, the other parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality subject to the provisions of Section 5.3 below.

**5.2.04  Other Tangible Items:**  Information produced in some form other than documentary, and for any other tangible items requires that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential-Outside Counsel Only." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential-Outside Counsel Only."

**5.2.05  Information Produced by Non-Parties**:  Should the parties in this case issue any subpoenas to non-parties, the parties agree that any non-parties served with a subpoena may designate as Protected Material any appropriate materials responsive to such a subpoena, and further, the parties may notify any other non-party served with a

7

LA 129,430,129v2 4-6-11

subpoena in this case of this Protective Order.  Additionally, in the event a Party seeks information via subpoena from a non-party, and another Party to this action (the "Non-Discovering Party") believes that such subpoena may compel disclosure of documents and things of or concerning that Non-Discovering Party that ought to be designated as Protected Material, the Non-Discovering Party promptly shall notify in writing the Party serving such subpoena.  The Non-Discovering Party shall then have ten (10) days following receipt of documents and things produced in response to that subpoena to inspect and designate such documents for protection in accordance with this Order. Pending such designation, or the expiration of the ten (10) day period allowed herein for such designation (whichever first occurs), the Party receiving documents and things shall treat all of them as "Highly Confidential-Outside Counsel Only."

**5.3    Inadvertent Failure To Designate**:  Subject to the provisions of Sections 5.2.01, 5.2.02, and 5.2.03, 5.2.04 and 5.2.05, an inadvertent failure to designate information or documents as "Confidential" or "Highly Confidential-Outside Counsel Only" in accordance with this Protective Order shall not preclude a party from subsequently designating such information or documents as "Confidential" or "Highly Confidential-Outside Counsel Only."  The Receiving Party, on timely notification of the subsequent designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**6.    Challenging Confidentiality Designations**

**6.1.    Timing of Challenges**:  A Party does not waive any  challenge to a Confidentiality Designation by delaying initiation of any  challenge  after the original designation is disclosed.

**6.2.    Manner of Challenges**:  A Party that objects to the designation of any document or information as "Confidential" or "Highly Confidential-Outside Counsel Only" shall provide written notice of the objection to the designating party.  The written notice of objection shall:  (1) identify the Protected Material by its Bates number(s) or page/line number of testimony; and (2) provide an explanation as to why it is believed

8

LA 129,430,129v2 4-6-11

the designation is improper.  The Designating Party will then have five (5) calendar days following the receipt of the Challenging Party's objection to: (1) withdraw its designation; (2) modify its designation in accordance with what the Challenging Party believes to be the appropriate designation; or (3) notify the Challenging Party in writing of the bases of its asserted designation.  The Challenging Party shall not unreasonably withhold an extension of time for the Designating Party to respond to the Challenging Party's written objection. If the dispute cannot be resolved, the Challenging Party may move the Court, under Central District of California Local Rule 37, requesting that the Protected Material in question be re-designated after it receives notice of the bases of the Designating Party's asserted designation under Section 6.2.   If such motion is brought by the Challenging Party, the Designating Party shall bear the burden of establishing the confidentiality of the Document(s) in question.  Until the Court rules on a motion challenging a designation, all Parties and others subject to this Order shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**7.    Access To And Use Of Protected Material**

**7.1.    Basic Principles**:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

**7.2.    Disclosure of "Confidential" Information or Items**:  Other than by the Producing Party, any information or document designated as "Confidential" shall be used solely in connection with this action and shall not be used in any other manner by a Receiving Party.  Any such designated information or documents shall not be disclosed to anyone other than:

a.    the Court and court personnel;

9

LA 129,430,129v2 4-6-11

b.   court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel who have executed a Declaration in the form and scope of Exhibit A attached hereto;

c.   Outside Counsel for the parties and Outside Counsel's employees;

d.   House Counsel and no more than two employees of a Party who require the information to assist the attorneys involved in this action or to evaluate this action for settlement discussions and who have executed a Declaration in the form and scope of Exhibit A attached hereto;

e.   experts, vendors, investigators, translators, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that no information or document designated as "Confidential" may be shown or provided to any person other than Outside Counsel unless and until such person executes a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Section 7.4 shall be followed;

f.   persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "Confidential" document or information was authored by, addressed to, or received by the person or party testifying;

g.   such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that no information or document designated as "Confidential" may be shown or provided to any such person unless and until such person (1) executes a Declaration in the form and scope of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this

10

Protective Order, and further provided that any documents designated as "Confidential" shall not be left in the possession of the person subject to this subparagraph "g", unless the person otherwise qualifies for access to such documents pursuant to this Protective Order.

**7.3.** **Disclosure of "Highly Confidential-Outside Counsel Only" Information or Items**: Other than by the Producing Party, any information or document designated as "Highly Confidential-Outside Counsel Only" shall be used solely in connection with this action and shall not be used in any other manner by a Receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

a. the Court and court personnel;

b. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel who have executed a Declaration in the form and scope of Exhibit A attached hereto;

c. Outside Counsel for the parties and Outside Counsel's employees;

d. experts, vendors, translators, jury consultants, and mock jury members that are not presently employees of a party to whom it is reasonably necessary to disclose the information for this litigation, provided, however, that no information or document designated as "Highly Confidential - Outside Counsel Only" may be shown or provided to any person other than Outside Counsel unless and until such person executes a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Section 7.4 shall be followed;

e. persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "Highly Confidential-Outside Counsel Only" document or information was authored by, addressed to, or received by the person or party testifying;

JOINT STIPULATED PROTECTIVE ORDER

f.     such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that no information or document designated as "Highly Confidential-Outside Counsel Only" may be shown or provided to any such person unless and until such person (1) executes a Declaration in the form and scope of Exhibit A attached hereto; or (2) agrees orally on the record at a deposition in these actions to be bound by the terms of this Protective Order, and further provided that any documents designated as "Highly Confidential-Outside Counsel Only" shall not be left in the possession of the person subject to this subparagraph "f", unless the person otherwise qualifies for access to such documents pursuant to this Protective Order.

**7.4.    Procedures for Approving Disclosure of Protected Material or Items to Experts:**

**7.4.01: Non-Technical Experts:** The attorneys of record for each of the parties shall retain the original, executed Declarations (in the form of Exhibit A hereto) that have been executed by that party and/or its employees and that party's witnesses, experts, vendors, translators, and jury consultants.  It shall be sufficient for an expert, investigator, and jury consultant to execute the Declaration on behalf of the members and employees of his or her firm; no additional Declarations are necessary from such members and employees.

**7.4.02: Technical Experts:**

(a)     Prior to disclosure of any documents or information designated "Confidential" or "Highly Confidential-Outside Counsel Only" to any Technical Expert, a copy of the executed Declaration shall be served upon opposing counsel (with a copy of such person's curriculum vitae, such person's current employer, a general statement of

LA 129,430,129v2 4-6-11

any prior or current relationship or connection with either party, and a list of all cases in which such person has been deposed or testified as an expert during the past four years).

(b)     The Challenging Party shall make any objections to the disclosure of Protected Material to the Technical Expert in writing no later than five (5) calendar days from the date of receipt.  The written objection must set forth in detail the grounds on which it is based.  Any such objections to the disclosure must be in good faith and not interposed for purposes of delay or harassment.

(c)     A Party that receives a timely written objection must comply with the Central District of California Local Rule 37-1 by meeting and conferring with the Challenging Party to try to resolve the matter by agreement.  If no agreement is reached, the Challenging Party may file a motion with the Court.  If the Challenging Party fails to file a motion within five (5) calendar days following a meet and confer, assuming no agreement is reached, then the Challenging Party has waived his or her right to object to the disclosure.

No such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure. The burden to file any such motion is on the Challenging Party.  The prevailing party in such a motion may recover its attorneys' fees and costs incurred in bringing or opposing the motion.

**8.     Filing Protected Material**: The parties agree this Protective Order alone does not justify filings under seal.  Any party wishing to file pleadings or other documents under seal will file an *ex parte* application with the Court, that complies with the requirements of Local Rules 7-19, 79-5, General Order 08-02, or such other rules or orders that may be applicable at the time the party seeks to file Disclosure or Discovery Material under seal.  If the non-moving party is the Producing Party of the Protected Material that the moving party wishes to file under seal, then the non-moving party shall agree to not oppose the moving party's *ex parte* application.

JOINT STIPULATED PROTECTIVE ORDER

**9. Final Disposition**

Upon the Final Disposition of this action, any party may serve written notice on the other parties demanding that Protected Material that was produced by that party be destroyed.  Unless otherwise permitted herein, within sixty (60) calendar days after receipt of such notice, all documents (originals and copies) designated as "Confidential" or "Highly Confidential-Outside Counsel Only," and all excerpts therefrom in the possession, custody, or control of parties other than the Producing Party, and experts, investigators, advisors, or consultants shall be destroyed.  Outside Counsel for parties other than the Producing Party may retain one hard copy and one electronic copy of each document, pleading, brief, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "Confidential" or "Highly Confidential-Outside Counsel Only" for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, briefs, trial exhibits, deposition exhibits, work product, and transcripts.

**10. Miscellaneous**

**10.1.  Right To Further Relief**:  The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Protective Order.  This Protective Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

**10.2.  Protected Material Ordered Produced In Another Litigation**:  A Receiving Party of documents or information designated as "Confidential" or "Highly Confidential - Outside Counsel Only" hereunder who is requested or required to disclose the documents or information pursuant to any law, regulation, order, subpoena or rule of any governmental authority, shall make reasonable efforts to promptly notify (in writing) the Producing Party, through Producing Party's Counsel, specifying the Protected

14

Material sought and enclosing a copy of the request, in order to provide the Producing Party sufficient time to limit or oppose such disclosure.  In no event shall such notice be less than ten (10) calendar days before such disclosure is required, unless the request for documents or information provides for a disclosure date of less than ten (10) calendar days, in which case the Receiving Party must notify the Producing Party immediately upon receipt of the request.  If the Producing Party notifies the Receiving Party of its objection to the production of Protected Material and of its intent to move for a protective order (or to otherwise limit or oppose such disclosure), and if the Receiving Party files such a motion prior to any legal deadline by which the Producing Party would otherwise be legally required to produce the Protected Material, the Receiving Party shall not produce or otherwise disclose any Protected Material until the motion for protective order has been resolved by this Court, another Court or governmental agency, unless the Receiving Party is otherwise legally obligated to do so.

**10.3.   Unauthorized Disclosure of Protected Material**:  In the event that anyone violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may apply to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved Party shall do so, the respondent shall be subject to the provisions of this Protective Order.

**10.4.   Right to Assert Other Objections**:  Neither this Protective Order nor any stipulation therefor, nor any disclosure or use of information or documents, in whatever form, pursuant to this Protective Order, shall be deemed an admission, waiver, or agreement by any Party that any information or documents designated as "Confidential" or "Highly Confidential-Outside Counsel Only" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any Party may have against one another or a third party or for any other purpose.  Neither this Protective Order nor any stipulation therefor shall be deemed to expand the scope of discovery in these actions beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to these actions.  Nothing in this Protective

Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action.

**10.5.  Right To Amend**:  Either Party may request any amendment to this Protective Order to facilitate the efficient and appropriate handling of "Confidential" and "Highly Confidential-Outside Counsel Only."  Any amendment to this Protective Order must be entered by the Court to be effective.

The parties agree that, upon entry of this Protective Order by the Court, the effective date of the Protective Order will relate back to the last date the Stipulation is signed by Counsel for the parties, as if the Protective Order had been entered on that date.


DATED: April 12, 2011          **GREENBERG TRAURIG, LLP**


                               By:    /s/ Kamran Salour
                               Valerie W. Ho
                               Kamran Salour

                               Attorneys for Plaintiffs and Counterdefendants
                               Silverlit Toys Manufactory Ltd., Spin Master Ltd.,
                               and Steven Davis


DATED: April 11, 2011          **BROWN, WEGNER & BERLINER LLP**


                               By:    /s/ William J. Brown, Jr.
                               William J. Brown, Jr.
                               Matthew K. Wegner

                               Attorneys for Defendants and Counterclaimants
                               Toyrriffic, LLC, World Trading 23, Inc., Toy
                               Raptor, Inc., World Tech Toys, Inc., and Kevork
                               Kouyoumjian

LA 129,430,129v2 4-6-11

**IT IS SO ORDERED** that the foregoing provisions of this Protective Order shall govern and control the disclosure, dissemination, and use of confidential information produced in this action.


DATED: April 19, 2011                         _____/s/_____
                                              Hon. Jacqueline Chooljian
                                              Magistrate Judge of the U.S. District Court
                                              Central District of California

JOINT STIPULATED PROTECTIVE ORDER

*LA 129,430,129v2 4-6-11*

1

## EXHIBIT A

2

## UNITED STATES DISTRICT COURT

3

## CENTRAL DISTRICT OF CALIFORNIA

4

## WESTERN DIVISION

5

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation, and STEVEN DAVIS, an individual, | Case No: CV10-3414 CAS (JCx) |
| | **DECLARATION** |
| Plaintiffs, | |
| vs. | **Judge:** **Hon. Jacqueline Chooljian** |
| | **Courtroom: 20** |
| TOYRRIFIC, LLC, a California limited liability company; WORLD TRADING 23, INC., a California corporation; WORLDTRADING23.COM ; TOY RAPTOR, INC., a California corporation; WORLD TECH TOYS, INC., a California corporation; HOBBYTRON.COM ; RC HELI KING, form unknown; RCHELIKING.COM; and KEVORK KOUYOUMJIAN, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

DECLARATION OF _____ (Name of Declarant)

22

I, _____, of_____

23

declare under the penalty of perjury as follows:

24

      1.     My address is _____.

25

      2.     If I am a/an expert/vendor/investigator/translator/jury consultant/mock jury

26

member.

27

      3.     My present occupation or job description is _____

28

18

JOINT STIPULATED PROTECTIVE ORDER

_____.

4.    I received a copy of the Joint Stipulated Protective Order entered in this action on _____.

5.    I have carefully read and understood the provisions of the Joint Stipulated Protective Order.

6.    I agree to comply with and be bound by all of the provisions of the Joint Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

7.    I agree that I will hold in confidence, and not disclose, in any manner any information or item that is subject to the Joint Stipulated Protective Order to anyone not designated therein; and will use any information or documents designated as "Confidential" or "Highly Confidential-Outside Counsel Only" only for the purposes of assisting in the resolution of disputes between the Parties to this action.

9.    I will return or destroy all documents designated as "Confidential" or "Highly Confidential-Outside Counsel Only" that may come into my possession, and any copies, excerpts, summaries or compilations thereof, to Outside Counsel for the Party who disclosed or furnished such documents to me promptly upon the request of Counsel for such Party, or, if applicable, upon the request of Counsel by whom I have been retained, or upon the Final Disposition of this action.

10.    I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the terms of the Joint Stipulated Protective Order and of the terms of this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____

_____

(Signature)

19

JOINT STIPULATED PROTECTIVE ORDER

LA 129,430,129v2 4-6-11