**GREENBERG TRAURIG, LLP**
Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
Jeffrey F. Yee (SBN 193123) (yeej@gtlaw.com
2450 Colorado Avenue, Suite 400 East
Santa Monica, California  90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiffs and Counterdefendants
Silverlit Toys Manufactory Ltd., Spin Master Ltd., and Steven Davis

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation, and STEVEN DAVIS, an individual,<br><br>            Plaintiffs,<br>vs.<br><br>TOYRRIFIC, LLC, a California limited liability company; WORLD TRADING 23, INC., a California corporation; WORLDTRADING23.COM ; TOY RAPTOR, INC., a California corporation; WORLD TECH TOYS, INC., a California corporation; HOBBYTRON.COM ; RC HELI KING, form unknown; RCHELIKING.COM; and KEVORK KOUYOUMJIAN, an individual,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.  CV10-3414 CAS (CJx)<br><br>**PERMANENT INJUNCTION AND DISMISSAL**<br><br>**[Stipulation for Entry of Permanent Injunction Filed Concurrently Herewith]**<br><br>**Judge:**  Hon. Christina A. Snyder |

1
**PERMANENT INJUNCTION AND DISMISSAL**

LA 129,770,804v2 12-13-11

Having considered the Stipulation for Entry of Permanent Injunction submitted by Plaintiffs Silverlit Toys Manufactory Ltd., Spin Master Ltd., and Steven Davis (collectively, "Plaintiffs"), and Defendants Toyrrific, LLC; World Trading 23, Inc.; Worldtrading23.com; Toy Raptor, Inc.; World Tech Toys, Inc.; Hobbytron.com; RC Heli King; rcheliking.com; and Kevork Kouyoumjian (collectively, "Defendants"):

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Defendants, their successors, assigns, owners, principals, partners, shareholders, officers, directors, agents, servants, employees, and any and all persons acting in concert or participation with Defendants are immediately and permanently enjoined from:

    a. Making, using, selling, offering for sale, importing into the United States, marketing, reproducing, distributing, receiving, forwarding, shipping, displaying (on websites or otherwise), or in any way commercially exploiting the Space Spider as depicted in **Exhibit 1,** or any other toy cars that are a copy of, or that are substantially similar to, the car protected by the Car Copyright (U.S. Copyright Registration No. VA 1-645-947);

    b. Making, using, selling, offering for sale, importing into the United States, marketing, reproducing, distributing, receiving, forwarding, shipping, displaying (on websites or otherwise), or in any way commercially exploiting any toy cars or products with a car base that is a copy of, or substantially similar to, the car base claimed in the '896 Patent, including but not limited to, the Space Spider as depicted in **Exhibit 1**;

    c. Using, imitating, copying, duplicating or otherwise commercially exploiting the ZERO GRAVITY Trademark (U.S. Trademark Registration No. 3,210,297), including but not limited to, the sale and/or offer of sale of the Zero Gravity Hummer RC Wall Climber Electric Truck (ZX-33002) (hereafter the "Zero Gravity Hummer"), as depicted in **Exhibit 2,** or any mark confusingly similar to the ZERO GRAVITY Trademark,

///

      d.    Using, imitating, copying, duplicating or otherwise commercially exploiting the WALL CLIMBER Trademark (U.S. Trademark Registration No. 3,267,725), including but not limited to, the sale and/or offer of sale of the Zero Gravity Hummer RC Wall Climber Electric Truck (ZX-33002) or the Thunder Wall Climber RC Stunt Car (ZX-HT-33005) (hereafter the "Thunder Wall Climber"), as depicted in **Exhibits 2-3,** or any mark confusingly similar to the WALL CLIMBER Trademark;

      e.    Making, using, selling, offering for sale, importing into the United States, marketing, reproducing, distributing, receiving, forwarding, shipping, displaying (on websites otherwise), or in any way commercially exploiting the Accused Helicopters, as depicted in **Exhibits 4-36,** or any other toy helicopters that infringe one or more claims of the '168, and/or '984 Patents;

      f.    Using, imitating, copying, duplicating or otherwise commercially exploiting the AIR HOGS Trademarks (U.S. Trademark Registration Nos. 2,723,271 for AIR HOGS; 2,447,370 for AIR HOGS; and 2,986,817 for AIR HOGS and design), or any mark confusingly similar to the AIR HOGS Trademarks;

      g.    Using, imitating, copying, duplicating or otherwise commercially exploiting the HAVOC HELI Trademark (U.S. Trademark Registration No. 3,518,868), or any mark confusingly similar to the HAVOC Trademark;

      h.    Using, imitating, copying, duplicating or otherwise commercially exploiting the SPIN MASTER Trademark (U.S. Trademark Registration No. 2,944,406), or any mark confusingly similar to the SPIN MASTER Trademark;

      i.    Making, using, selling, offering for sale, importing into the United States, marketing, reproducing, distributing, receiving, forwarding, shipping, displaying (on websites or otherwise), or in any way commercially exploiting any counterfeit or non-genuine Spin Master Ltd. products that bear the AIR HOGS Trademarks, the ZERO GRAVITY Trademark, the WALL CLIMBER Trademark, the HAVOC HELI Trademark and/or any mark that is confusingly similar to any of these marks;

///

    j.  Making, using, selling, offering for sale, importing into the United States, marketing, reproducing, distributing, receiving, forwarding, shipping, displaying (websites or otherwise), or in any way commercially exploiting the Accused Flying Saucers depicted in **Exhibits 37-42,** or any other toy flying saucer that is a copy of, or is substantially similar to, the flying saucer protected by the Flying Saucer Copyright (U.S. Copyright Registration No. VA 1-285-847);

    k.  Making, using, selling, offering for sale, importing into the United States, marketing, reproducing, distributing, receiving, forwarding, shipping, displaying (websites or otherwise), or in any way commercially exploiting the Accused Flying Saucers depicted in **Exhibits 37-42,** or any other toy flying saucers that infringe one or more claims of the '586 and/or '699 Patents;

    l.  Assisting, aiding or abetting another person or business entity in engaging in or performing any of the activities enumerated in subparagraphs (a) through (k) above.

  4.  This Court has personal jurisdiction over the parties with respect to this Civil Action.

  5.  This Court has jurisdiction over the subject matter of this Civil Action.

  6.  Each party shall bear its own attorney's fees and costs in connection with this action; provided, however, that in the event any party files a motion, action or other proceeding to enforce or interpret the terms of this Stipulated Permanent Injunction or the Settlement Agreement, the prevailing party shall be entitled to recover all attorney's fees and other fees and costs incurred in connection with such a motion, action or enforcement proceeding.

  6.  This Court shall retain jurisdiction over this matter and to the extent necessary to interpret or enforce the Settlement Agreement and this Stipulated Permanent Injunction.

///

7.  Pursuant to Federal Rule of Civil Procedure 41(a)(1) and (2), all claims and counterclaims are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: January 12, 2012

*Christina A. Snyder*
Honorable Christina A. Snyder
U.S. District Court
Central District of California

5
**PERMANENT INJUNCTION AND DISMISSAL**

LA 129,770,804v2 12-13-11